# UNITED STATES DISTRICT COURT

## DISTRICT OF COLORADO

UNITED STATES OF AMERICA

v.

JONATHAN FABLING

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For **Revocation of Supervised Release)**
*(Changes Identified with Asterisks (*))*

Case Number: 08-cr-00525-MSK-01

USM Number: 36075-013

Robert W. Pepin, AFPD
(Defendant's Attorney)

**Date of Original Judgment:** December 12, 2013
**Reason for Amendment:** Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

**THE DEFENDANT:** Admitted guilt to violations 1, 2, and 3, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to Reside in/comply with Rules of Residential Reentry Center (RRC) | 09/16/13 |
| 2 | Possession and Use of a Controlled Substance | 08/20/13 |

The defendant is sentenced as provided in pages 3 through 8 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

December 9, 2013
Date of Imposition of Judgment

*s/ Marcia S. Krieger*
Signature of Judge

Marcia S. Krieger, Chief U.S. District Judge
Name & Title of Judge

November 14, 2014
Date

## ADDITIONAL VIOLATIONS

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 3 | Possession and Use of a Controlled Substance | 08/25/13 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of twelve (12) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

____________________________________

Defendant delivered on ____________________ to ____________________________________

at ___________________________, with a certified copy of this judgment.

____________________________________
UNITED STATES MARSHAL

By__________________________________
Deputy United States Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of the remaining term of supervised release (2 years).

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.

10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) The defendant shall provide the probation officer with access to any requested financial information.

## * ADDITIONAL CONDITIONS OF SUPERVISION

1) So long as there is a balance on the restitution obligation, the defendant will not incur new credit charges or open additional lines of credit without the approval of the probation officer, and that approval will not be given unless he is in compliance with the periodic payment obligations set out in the schedule that he and his probation officer will develop.

2) The defendant shall pay restitution in accordance with the schedule of payments to be developed between him and his probation officer within 60 days after he begins supervised release, and that schedule will be reviewed and revised on a quarterly basis after review of the defendant's income and expenses each quarter.

3) The defendant shall participate in and successfully complete a program of testing and/or treatment for drug and alcohol abuse, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant shall abstain from the use of alcohol or other intoxicants during the entire course of his supervised release and to the extent that he is able to and directed to, he will pay for the cost of treatment.

4) The defendant shall participate in and successfully complete a program of mental health treatment, as approved by the probation officer, until such time as the defendant is released from the program by the probation officer. The Court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report for continuity of treatment. To the extent that he is able to and directed to, he will pay for the cost of treatment.

5) To the extent that he is directed to take medication to address mental health issues, the defendant will remain medication compliant and will submit to whatever testing is required to ensure that he remains medication compliant.

* 6) If the defendant does not have a stable residence at the conclusion of this period of incarceration, he shall reside in a community corrections center for a period up to six months, at the probation officer's discretion, and shall observe the rules of that facility.

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| Count 1 | $0.00 | $0.00 | $511.00 |
| Counts 2 and 4 | $0.00 | $0.00 | $2,984.00 |
| Count 3 | $0.00 | $0.00 | $1,343.00 |
| Counts 5 and 6 | $0.00 | $0.00 | $14,821.00 |
| Count 7 | $0.00 | $0.00 | $6,631.00 |
| Count 8 | $0.00 | $0.00 | $9,149.00 |
| **TOTALS** | $0.00 | $0.00 | $35,439.00 |

The defendant must make restitution (including community restitution) to the following payees in the amount listed below. If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | * Total Loss | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| U.S. Bank **(Count 1)** Recovery and Restitution Payments P.O. Box 650 Milwaukee, WI 53278-0650 | $511.00 | $511.00 | |
| North Valley Bank **(Counts 2 and 4)** 8410 Umatilla Street Federal Heights, CO 80260 | $2,984.00 | $2,984.00 | |

**ADDITIONAL PAYEES CONTINUED ON NEXT PAGE**

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

| **Name of Payee** | * **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| U.S. Bank<br>**(Count 3)**<br>Recovery and Restitution Payments<br>P.O. Box 650<br>Milwaukee, WI 53278-0650 | $1,343.00 | $1,343.00 | |
| Compass Bank<br>**(Counts 5 and 6)**<br>4988 N. Federal Boulevard<br>Denver, CO 80221 | $14,821.00 | $14,821.00 | |
| Key Bank<br>**(Count 7)**<br>2776 Speer Boulevard<br>Denver, CO 80211 | $6,631.00 | $6,631.00 | |
| North Valley Bank<br>**(Count 8)**<br>1210 E. 1st Avenue<br>Broomfield, CO 80020 | $9,149.00 | $9,149.00 | |
| **TOTALS** | $35,439.00 | $35,439.00 | |

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total monetary obligations is due as follows:

The defendant shall pay the outstanding balance of restitution in the **amount of $34,417.00.**

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order: (1) restitution principal.